## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Semien | Civil Action No. 6:16-cv-00331 |
| versus | Judge Donald E. Walter |
| Social Security Administration | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be affirmed.

### ADMINISTRATIVE PROCEEDINGS

The claimant, Johnny Joseph Semien, fully exhausted his administrative remedies prior to filing this action in federal court. The claimant filed an application for disability insurance benefits ("DIB") and an application for supplemental security income benefits ("SSI"), alleging disability beginning on July 10, 2013.[1] His applications were denied.[2] The claimant requested a hearing,[3] which was held on October 10, 2014 before Administrative Law Judge Steven C. Graalmann.[4] The ALJ

---

[1] Rec. Doc. 8-1 at 23.

[2] Id.

[3] Id.

[4] The hearing transcript is found at Rec. Doc. 8-1 at 39.

issued a decision on October 27, 2014,[5] concluding that the claimant was not disabled within the meaning of the Social Security Act ("the Act") from July 15, 2012 through the date of the decision. The claimant asked for review of the decision, but the Appeals Council concluded on January 28, 2016 that no basis existed for review of the ALJ's decision.[6] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. § 405(g). The claimant then filed this action seeking review of the Commissioner's decision.

## SUMMARY OF PERTINENT FACTS

The claimant was born on May 2, 1963.[7] At the time of the ALJ's decision, he was 49 years old. He graduated from high school.[8] His past relevant work experience is as an auto dealership maintenance/industrial cleaner, painter, painter's helper, machinist, industrial truck driver and shipping/receiving clerk.[9] In a disability report prepared along with his application for benefits, the claimant alleged that he has been

---

[5] Id. at 29.

[6] Id. at 2, 4.

[7] Id. at 27.

[8] Id. at 28.

[9] Id. at 27.

disabled since July 15, 2013[10] due to "colon condition" and a "torn left knee meniscus."[11]

In the hearing, the claimant testified that at age 27, after injuring his colon lifting heavy equipment, he went to a gastrointestinal specialist who performed colon surgery. He stated that his condition is chronic irritable bowel syndrome.[12] He also testified that he has knee pain because of a torn ligament, which "sometimes want to give out."[13] The claimant characterized his colon condition as more severe than his knee problem stating that he has to use the bathroom 6 to 8 times per day.[14] The claimant further testified that he lives alone, performs household chores, cooks, grocery shops and drives.[15] He stated that he has been working 40 hours a week for two weeks, earning $10.00 an hour as a painter's helper.[16]

---

[10]  Id. at 207.

[11]  Id.

[12]  Id. at 49-50.

[13]  Id. at 50.

[14]  Id. at 49-53.

[15]  Id. at 52, 54.

[16]  Id. at 44.

As noted by the ALJ, there was a "marked lack of objective medical evidence in the record."[17] The only objective medical evidence of record is a treatment note dated February 13, 2012 and an October 12, 2013 Disability Determination Examination.[18] The 2012 treatment note indicates that the claimant was seen by Brian Heinen, M.D. for complaints of chest pain, acute bronchitis and hypertension. Dr. Heinen's record indicates normal findings. Specifically, the claimant's reflexes were normal and and his extremities showed no edema, equal and normal bilateral pulses, no joint inflammation, and full strength.[19] Dr. Heinen prescribed an antibiotic to be taken by mouth.

The claimant's 2013 consultative examination performed by Shalinder Gupta, M.D. was for the purpose of providing information to the state disability office in making a determination of disability "and was not for any diagnostic, treatment, or followup purposes."[20] The claimant reported a history of chronic diarrhea, dumping syndrome and evidence of gastrointestinal (GI) bleeding with heavy lifting, as well as left knee pain, back problems, hypertension and chronic left wrist swelling.[21] Upon

---

[17]   Id. at 27.

[18]   Id. at 254-255; 257-258.

[19]   Id. at 254-255.

[20]   Id. at 257-258.

[21]   Id. at 257.

examination, Dr. Gupta found the claimant's gait was appropriate and he had no problems getting up or out of the chair or on or off the exam table. The claimant's abdomen was non-tender with no evidence of any active GI bleeding and he was not taking any medications for GI-related problems. Dr. Gupta noted the claimant could not walk on his heels, but he could walk heel-to-toe and squat. His straight leg raising testing was negative; grip strength was 5/5 on the right and -4/5 on the left, secondary to chronic left wrist pain; motor strength was 5/5 bilaterally. He had some left knee pain with range of motion deficits that were very mild; X-rays of the left knee did not reveal any acute findings; No neurological deficits or atrophy was noted.[22]

While Dr. Gupta opined that the claimant did not have any functional limitations, the ALJ gave this opinion "little weight" and found the claimant limited to light work. The ALJ made this decision "after careful consideration of the evidence" in which he found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." The ALJ added, however, that the claimant's statements concerning "the intensity, persistence and limiting effects of these symptoms are not entirely credible."[23]

---

[22] Id. at 258.

[23] Id. at 27.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence.[24] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will only be found when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[26]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[27] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[28] Conflicts in the

---

[24]    *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[25]    *Villa*, 895 F.2d at 1021-22.

[26]    *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

[27]    42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[28]    *Carey*, 230 F.3d at 135; *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).

evidence and credibility assessments are for the Commissioner to resolve, not the courts.[29]  Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination:  (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[30]

**B.     Entitlement to Benefits**

The Disability Insurance Benefit ("DIB") program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[31]  Every individual who meets certain income and resource requirements, has filed an application for benefits, and is determined to be disabled is eligible to receive Supplemental Security Income ("SSI") benefits.[32]

The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or

---

[29]     *Martinez*, 64 F.3d at 174.

[30]     *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Martinez*, 64 F.3d at 174.

[31]     See 42 U.S.C. § 423(a).

[32]     42 U.S.C. § 1382(a)(1) & (2).

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[33] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[34]

### C. Evaluation Process and Burden of Proof

The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled. This process requires the ALJ to determine whether the claimant (1) is currently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is able to do the kind of work he did in the past; and (5) can perform any other work at step five.[35] If it is determined at any step of that process that a claimant is or is not

---

[33] 42 U.S.C. § 1382c(a)(3)(A).

[34] 42 U.S.C. § 1382c(a)(3)(B).

[35] 20 C.F.R. § 404.1520; see, e.g., *Wren*, 925 F.2d at 125; *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Perez v.*

disabled, the sequential process ends. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis."[36]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[37] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record.[38] The claimant's residual functional capacity is used at the fourth step to determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work.[39]

The claimant bears the burden of proof on the first four steps.[40] At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[41] This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by

---

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

[36] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[37] 20 C.F.R. § 404.1520(a)(4).

[38] 20 C.F.R. § 404.1545(a)(1).

[39] 20 C.F.R. § 404.1520(e).

[40] *Newton*, 209 F.3d at 453; *Masterson*, 309 F.3d at 272; *Perez*, 415 F.3d at 461.

[41] *Id.*

expert vocational testimony, or by other similar evidence.[42] If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[43] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[44]

D. **THE ALJ'S FINDINGS AND CONCLUSIONS**

In this case, the ALJ determined, at step one, that the claimant has not engaged in substantial gainful activity since July 15, 2012.[45] This finding is supported by the evidence in the record.

At step two, the ALJ found that the claimant has the following severe impairments: right knee problems and irritable bowel syndrome (20 CFR 404.1520(c) and 416.920(c)).[46] This finding is supported by evidence in the record.

At step three, the ALJ found that the claimant has no impairment or combination of impairments that meets or medically equals the severity of a listed

---

[42] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[43] *Newton*, 209 F.3d at 453; *Masterson*, 309 F.3d at 272; *Perez*, 415 F.3d at 461.

[44] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). *See also*, 20 C.F.R. § 404.1520(a)(4).

[45] Rec. Doc. 8-1 at 25.

[46] Id.

impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).[47]

The ALJ found that the claimant has the residual functional capacity to perform work at the light level except that he needs to work indoors with access to a bathroom.[48]

At step four, the ALJ found that the claimant is not capable of performing his past relevant work.[49]

At step five, the ALJ found that the claimant was not disabled from July 15, 2012 through October 27, 2014 (the date of the decision) because there are jobs in the national economy that he can perform.[50] The claimant challenges this finding.

### E.     THE ALLEGATIONS OF ERROR

Mr. Simien claims that the ALJ erred in concluding that he could perform light work indoors with access to a bathroom with no absence-related limitations. Mr. Simien also claims that the ALJ erred by not considering his "advanced age."

---

[47]    Id. at 26.

[48]    Id.

[49]    Id. at 27.

[50]    Id.

### F. THE CLAIMANT'S ABILITY TO WORK WITHOUT ABSENCE-RELATED LIMITATIONS

The claimant relies solely on his own testimony that he would be absent from work two or three times a month.[51] He asserts that his testimony was uncontradicted, and the ALJ did not question his credibility.[52] Contrary to the claimant's assertion, the ALJ did in fact state that the claimant's statements related to the intensity, persistence and limiting effects of his symptoms were "not entirely credible."[53] The ALJ was free to discredit the claimant's subjective complaints, because the claimant did not produce evidence to corroborate them. *Greidgo v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991)(subjective complaints must be corroborated by medical evidence); 20 C.F.R. §§ 404.1529(a), 416.929(a) (a claimant's "statements about pain or other symptoms will not alone establish that [he is] disabled.").

The ALJ considered the claimant's subjective reports that undermine the degree of limitation he alleged.[54] For example, despite his complaints of frequent bathroom use and disabling left knee pain, the claimant testified at the October 10, 2014 administrative hearing that he was currently working full-time as a painting

---

[51]  Rec. Doc. 10 at 3.

[52]  Id.

[53]  Id. at 27.

[54]  Id. at 26.

helper.[55] In his disability application materials, the claimant stated that he lived alone and performed household chores like sweeping and mowing the lawn.[56] The claimant also stated that he could drive, grocery shop, and prepare simple meals.[57] The claimant reported to Dr. Gupta that he could dress and feed himself, drive, and do chores such as mopping, vacuuming, doing dishes, shopping, and mowing.[58] These reports of daily activities contradict the claimant's statement that he could not work. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) (daily activities are relevant in determining a claimant's disability status).

The claimant also contended that he could not work because his colon problems made him have to use the bathroom frequently.[59] The ALJ accounted for this limitation by including in his residual functional capacity assessment a bathroom-related limitation.[60] The claimant reported to Dr. Gupta that he had colon problems since 1990, but he worked until at least 2012. This evidence undermines his claim that his colon problem prevents him from being able to work. (Tr. 22, 254). *Vaughan*

---

[55] Id. at 26, 44.

[56] Id. at 216.

[57] Id. at 216-217.

[58] Id. at 257

[59] Id. at 46-47, 214.

[60] Id. at 27.

*v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (ability to work while suffering from the same ailments the claimant says are disabling weighs against a finding of disability).

The Medical-Vocational Guidelines would direct a finding of not disabled if the claimant could perform the full range of light work. 20 C.F.R. Part 404, Subpt. P, App. 2, § 202.00. However, because the claimant's need for access to a bathroom is a nonexertional limitation that may significantly impact the available light occupational base, the ALJ applied the Medical-Vocational Guidelines as a framework in his disability determination.[61] *TITLES II AND XVI: CAPABILITY TO DO OTHER WORK-THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING A COMBINATION OF EXERTIONAL AND NONEXERTIONAL IMPAIRMENTS*, 1983 WL 31254, at *3-4. The ALJ sought the assistance of the vocational expert, who testified that a significant number of other jobs exist in the national economy—factoring in the claimant's need for bathroom access.[62] The ALJ found, based on the framework of the Medical-Vocational Guidelines and supporting vocational testimony, that the claimant's bathroom limitation would not significantly erode the available occupational base.[63]

---

[61] Id. at 28.

[62] Id. at 60-61.

[63] Id. at 28, 60-61.

The record contains the claimant's medical records of radiological studies from November 2014 to June 2015 that the claimant submitted to the Appeals Council: (1) a November 2014 abdominal x-ray showed "no acute abnormality of the abdomen"; (2) an April 2015 abdominal CT showed evidence of chronic inflammation throughout the colon; and (3) following a June 1, 2015 colonoscopy, the doctor's office note indicated that the claimant's diarrhea was much improved and recommended that the claimant return for a colonoscopy in 5 years.[64] These records, while dated after the adjudicated period, nonetheless demonstrate that the claimant's condition during the period at issue is not as limiting as he claimed. They further support the ALJ's determination that the claimant could perform light work indoors with access to a bathroom, with no absence-related limitations.

Because the claimant has the burden of proof in the first four steps of the sequential evaluation process, he has the burden of demonstrating the functional limitations that must be included in the residual functional capacity assessment. *See Greenspan*, 38 F.3d at 236 ("the claimant bears the burden of proof on the first four steps of the sequential analysis."). The claimant has the duty to furnish medical or other evidence that the ALJ can use to reach a conclusion about his impairment and its effect on his ability to work. 20 C.F.R. §§ 404.1512(a), 416.912(a). The

---

[64] Id. at 12-16.

regulations provide that, if a claimant does not submit such evidence, a decision will be made based on the information provided. 20 C.F.R. §§ 404.1516, 416.916. Here, the claimant did not submit any such evidence, and therefore did not meet his burden to produce evidence showing he was as functionally limited as he alleged. Instead, the evidence that was produced substantially supports the ALJ's decision not to include absence-related limitations in the residual function capacity assessment.

### G. The ALJ Properly Considered The Claimant's Age.

The claimant also argues that the ALJ erred by not considering his "advanced age."[65] The claimant was born in May 1963, which means he is currently 53.[66] The claimant's age at the time he filed his response to the ALJ's decision, on September 1, 2016 is not relevant. The only age at issue is the claimant's age at the time of the ALJ's decision, which was 51. Pursuant to 20 C.F.R. §§ 404.1563(d) the claimant was and remains "a person closely approaching advanced age" which is defined as someone aged 50 to 54. At the administrative hearing, the ALJ asked the claimant about his age and included it in his hypothetical question to the vocational expert.[67]

---

[65] Rec. Doc. 10 at 2, 3.

[66] Rec. Doc. 8-1, 29, 203.

[67] Id. at 42, 60.

The ALJ also considered the claimant's age category and recognized his duty to do so in his decision.[68]

The foregoing shows that the ALJ properly considered the claimant's age and properly relied on the vocational expert's response to a properly posed hypothetical question in finding the claimant not disabled at step five. The claimant's contention that the ALJ should have applied the Medical-Vocational Guidelines pertaining to an individual of advanced age who was limited to sedentary work is unsupported.

## CONCLUSION AND RECOMMENDATION

The undersigned finds that the ALJ applied appropriate legal standards in ruling on this case, and the ALJ's findings are based on substantial evidence in the record. Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be **AFFIRMED** and this matter dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

---

[68] Id. at 27, 28 ("Considering the claimant's *age*, education, work experience, and residual functional capacity....").

receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lafayette, Louisiana, this 16th day of February, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE